Tins Chief Justice
delivered the opinion.
In the month of February, 181G, Heard, with two others as his securities, executed their obligation to Blown for the delivery of seventy-five barrels of corn, at the end of twelve months from the date rif the obligation. The corn not having been delivered according to contract, Brown instituted suit upon the obligation, and recovered a judgment at law for $150. Heard then filed this bill, alleging that, being under tbe necessity of borrowing money, he applied to. and obtained from, BrOrvii the loan of the sum of fifty dollars; and that as a pledge or security for tbe repayment of that sum, he, with bis securities, executed the obligation for the corn, upon which judgment had been Obtained; and he prayed for and Obtained an injunction to stay proceeding* üjmo the judgment, except as to theSUfft af fifty dollars so borrowed.
Though as article be ⅛ value, yet if the eon-*ríl<* |S fair
a contrae!; entered into )vltha?'es,Ku more ⅛, gal interest^ |s usurious, besrfdecreed untesstheMU «» ^1^^^ *
Brown, ⅛ his an&iver„admift that he advanced ⅜⅛ Heard daily the sum ÓT fifty dollars, as the consideration bf the obligation for the corn, hut he denies that' it was lent, or that the obligation was; executed as- a pledge or security for the-repayment, of that sum, and insists that it was-a faircwjtWci of. sale and purchase of the corn at that price.
Tbechrcuit court, on a final hearing, decreed the injunc-. tion to be made perpetual; and to reverse that, decree, Brow»: prosecutes this writ of error.
There ¡snot a particle of proof in support of the hile-’Ration of the bill, that the obligation, for the delivery,of the corn was executed as a pledge or security forthe repayment of the fifty dollars advanced by, Brown to Heard. •Qn. the ‘contrary, it was manifestly the intent ion of both par-ties'that the corn should be delivered at the. time stipu-iated, or on failure of the delivery, that the price of it should be paid. The proof, indeed, conduces:!» shew that the fifty dollars was advanced by Brown to Heard as a loan, and the presumption is strong, that the obligation for the corn was executed with a view of securing to Brown a» greater, sun* than the legal rate of interest would have entitled him-to demand, and that, it was intended thus to-evade, by indirect means, the effect of the statute against' %sury. Considered in this point of view, the contract must-unquestionably be deemed void; and it was. no doubt bn this-view of the case the decree of the circuit court was predicated. But there is.no allegation.!» the bill, that the loan was made upon an usurious interest, or.that.the obligar tion for the corn was intended, as a.shift or device to evade 1 he statute. On the contrary, if it were true,, as is alleged by the bill, thatibe obligation for the corn was executed -merely as a: pledge or security forthe repayme.nt. of. the tv. dollars„the contract would not be usurious, nor wouid the,re be arty, thing;unlawful in the transaction; but, as ive have already observed;, there is no proof in. support of the allegation. The decree of the circuit court, therefore, cannot be maintained upon the ground of the contract’s being Usurious, because thereis; no allegation to that effect.in-the - ⅞>⅛11;; and it cannot be maintained upon the ground alleged in the bill, because there is,a total want of proof in sup* port «of that ground.
The decree must, therefore, be reversed with costs,, and the cause be retuawled, that the bill rnbv be dismissed wiVtt, for the.pláintiíf..